UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CURTIS LAMONT WOODS,**

       **Plaintiff,**                     CIVIL ACTION NO. 13-CV-15155

  vs.                                    DISTRICT JUDGE MARK A. GOLDSMITH

                                           MAGISTRATE JUDGE MONA K. MAJZOUB

**WAYNE COUNTY PROSECUTOR'S OFFICE, et al.**

       **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff Curtis Woods, currently a prisoner at the Michigan Reformatory in Ionia, Michigan, filed this action under 42 U.S.C. § 1983 against the Wayne County Prosecutor's Office; Khalid H. Najar; the Dearborn Heights Police Department; Sgt. Larabell; the Wayne County Sheriff's Office; Wayne County Sheriff Benny Napoleon; Corporal Morrison; the Wayne County Commisary Provider; and several John and Jane Does. (Docket no. 1.) Plaintiff filed his Complaint while incarcerated at the Wayne County Jail awaiting trial. In his Complaint, he raises claims with regard to his arrest, the criminal counts against him, and the conditions of the jail. (Docket no. 1.) All of Plaintiff's claims and all of the Defendants in this matter have been dismissed with the exception of Plaintiff's Eighth Amendment conditions-of-confinement claim against Defendant Benny Napoleon and the John and Jane Does. (*See* docket no. 19.) With regard to those claims, Plaintiff seeks a declaratory judgment finding that his Eighth Amendment rights were violated and an "order [that Plaintiff] be sent to Ryan Correctional Facility." (*See* docket no. 1 at 12-13.)

Before the Court is Defendant Napoleon's Motion to Dismiss. (Docket no. 38.) Plaintiff has

1

not filed a Response. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 20.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

## I.     Recommendation

For the reasons that follow, the undersigned recommends granting Defendant's Motion to Dismiss (docket no. 38). The Court should also dismiss Plaintiff's remaining claims against the John and Jane Does without prejudice. Thus, this matter should be dismissed in its entirety.

## II.    Report

### A.    Facts

With regard to his conditions-of-confinement claim, Plaintiff alleges that at the time of his Complaint, he had been incarcerated in the Wayne County Jail for three months. (Docket no 1 at 7.) He then asserts the following:

- the side of the toilet in every cell has never been clean nor have the guards given Plaintiff anything to reach it in order to clean it;

- The telephones is (sic) used by everyone on a daily basis and guards have only given us disenfectant (sic) to clean it several times . . .

- Plaintiff is forced to take showers with black mold on the ceiling of showers and on shower walls. Once the steam from the heat of the showers (sic); it makes the ceiling and walls sweat thus dripping off ceiling and running off walls . . .

- Plaintiff is forced to live in the jail with no open window nor proper ventilation (24) hours a day. Plaintiff and other pre-trial detainees have not been outside for recreation in months . . .

- The Plaintiff is forced to clean-up without any protective gloves, nor face mask no bleach (sic) just simple green once or twice a week. Mop is only changed once a week and often times different wards mops.

- The Plaintiff has been exposed to sulfer Acid (sic) from plumbing problems

        and abesbtos (sic) from ventilation build-up at which point the Plaintiff and other pre-trial detainees become Human filters.

- Wayne County Guards often bring many unknown inmates to unit 308 from other units such as (protective custody) to use shower. Some of them leave Feces and Bloodstains on the floor and shower walls . . .

- The Plaintiff over the past (3) three months has been housed with inmates that (sic) diseases ranging from MRSA, and Hepatitis C . . .

(*Id.* at 7-9.) Plaintiff alleges that Defendant Napoleon "stated in a Fox 2 News interview that he knows about the deprivations Here at Wayne County Jail and how this jail is old." (*Id.* at 9.)

Plaintiff was ultimately confined in Wayne County Jail for just under eight months. (*See* docket no. 38-2.) His stay in Wayne County ended, however, when he was convicted on multiple counts of armed robbery and sentenced to prison; he is currently serving his sentence at the Michigan Reformatory. (*See* docket no. 38-5.)

      **B.**    **Motion to dismiss standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**C.     Analysis**

Even assuming, *arguendo*, that Plaintiff's allegations are true, Defendant contends that Plaintiff's claims should be dismissed on procedural grounds. First, Defendant asserts that Plaintiff's claims should be dismissed because he failed to exhaust his administrative remedies. Second, Defendant asserts that Plaintiff's claims are moot because he has been transferred out of Wayne County Jail. (Docket no. 38.) Defendant is correct.

**1.     Failure to Exhaust Administrative Remedies**

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a Section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other

Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Wayne County Jail Policy No. 7.1 provides inmates with "a means for resolving complaints regarding institutional matters," including "alleged violations of civil rights or statutory laws." (Docket no. 38-10 at 5.) Policy No. 7.1 specifically sets forth "[u]nsatisfactory conditions of confinement, which directly affect[] the inmate," as a grievable issue. (*Id.*) Although Plaintiff filed four grievances during his time at Wayne County Jail, all of those grievances related to his commissary account; none of them related to his conditions of confinement. (*Id.* at 3-4.) Plaintiff has, therefore, failed to exhaust his administrative remedies as is required under the PLRA. Defendant's Motion to Dismiss should be granted.

### 2.     Plaintiff's Motion is Moot

Even if Plaintiff had exhausted his administrative remedies, his claims are now moot. As the Sixth Circuit has held, a transfer to another prison moots a prisoner's request for injunctive relief. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) (citing *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996)). Plaintiff was transferred from the Wayne County Jail to the Michigan Reformatory after his conviction for armed robbery. Thus, Plaintiff's claims for injunctive relief should be dismissed.

### 3.     Plaintiff's Claims Against the John and Jane Doe Defendants

On December 31, 2014, the Court ordered Plaintiff to show cause why Defendants Jane Doe (1-3) and John Doe (1-3) should not be dismissed. (Docket no. 45.) Plaintiff responded on January 9, 2015, indicating that "Defendants Jane/John Doe 1-3 may be dismissed." (Docket no. 46 at 1.) Therefore, the undersigned recommends dismissing the John and Jane Doe Defendants from this

matter.

### D. Conclusion

For the above-stated reasons, the undersigned recommends granting Defendant's Motion to Dismiss (docket no. 38). The Court should also dismiss Plaintiff's claims against the John and Jane Doe Defendants. Therefore, this matter should be dismissed in its entirety.

## III. Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  January 20, 2015                             s/ Mona K. Majzoub                                
                                                              MONA K. MAJZOUB
                                                              UNITED STATES MAGISTRATE JUDGE


## **PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served up counsel of record and on Plaintiff Curtis Woods on this date.

Dated:  January 20, 2015                             s/ Lisa C. Bartlett                      
                                                              Case Manager