UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CURTIS WOODS, #402907,

       Plaintiff,                            Civil Action No. 13-CV-15155

vs.

                                            HON. MARK A. GOLDSMITH

KHALID NAJAR, et al.,

       Defendants.
_____/

**OPINION AND ORDER
(1) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 51), (2) ACCEPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE DATED JANUARY 20, 2015 (Dkt. 49), (3) GRANTING DEFENDANT NAPOLEON'S MOTION TO DISMISS (Dkt. 38), (4) DISMISSING THE CLAIMS AGAINST THE DOE DEFENDANTS WITHOUT PREJUDICE, (5) DENYING AS MOOT PLAINTIFF'S MOTION TO SHOW CAUSE (Dkt. 48), AND (6) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (Dkt. 50)**

### I. INTRODUCTION AND BACKGROUND

Plaintiff Curtis Woods filed this action, pro se, pursuant to 42 U.S.C. § 1983 raising claims related to his arrest, state criminal charges, and the conditions of his confinement at Wayne County Jail. See Compl. (Dkt. 1). Many of those claims have since been terminated and all that remain pending are Plaintiff's claims relating to his conditions of confinement at Wayne County Jail. See 5/7/2014 Op. and Order (Dkt. 19). In his Complaint, Plaintiff seeks a declaration that the conditions at Wayne County Jail are in violation of his Eighth Amendment rights, as well as an order transferring Plaintiff from Wayne County Jail to Ryan Correctional Facility. Compl. at 12-13.

The matter was referred to Magistrate Judge Mona K. Majzoub for all pretrial proceedings (Dkt. 20), and Defendant Napoleon filed a motion to dismiss (Dkt. 38).[1]  Magistrate Judge Majzoub issued a Report and Recommendation ("R&R") (Dkt. 49) recommending that Defendant Napoleon's motion to dismiss be granted and that Plaintiff's remaining claims against Defendants Jane and John Doe also be dismissed without prejudice.  Plaintiff filed objections (Dkt. 51), and, to date, Defendant Napoleon has not filed a response.  The Court reviews de novo any portion of the R&R to which specific objections are filed.  Fed. R. Civ. P. 72(b)(3).  As discussed more fully below, the Court overrules Plaintiff's objections, accepts the recommendation contained in the Magistrate Judge's R&R, grants Defendant Napoleon's motion to dismiss, and dismisses any remaining claims against Defendants Jane and John Doe without prejudice.

Plaintiff has also filed additional documents, including a motion to show cause (Dkt. 48) and a motion to appoint counsel (Dkt. 50).  In light of the Court's decision overruling Plaintiff's objections and accepting the Magistrate Judge's R&R, the Court finds that Plaintiff's motion to show cause should be dismissed as moot, and that Plaintiff's motion to appoint counsel should be denied.

---

[1] There appears to be a dispute as to whether Plaintiff filed a response to Defendant Napoleon's motion to dismiss.  In her Report and Recommendation ("R&R"), the Magistrate Judge indicated that Plaintiff did not file a response.  R&R at 1-2 (Dkt. 49).  In his objections, Plaintiff takes issue with that statement and argues that he did file a response, directing the Court's attention to Plaintiff's filing at Docket Number 39, titled "Rebuttal to [] Answer to Complaint."  Obj. at 1 (Dkt. 51).  Whether this filing is properly considered a response to Defendant Napoleon's motion, and whether the Magistrate Judge should have addressed any arguments contained in that filing, are not material to the outcome of this case.

## II. ANALYSIS

### A. Objections

The Magistrate Judge concluded that Plaintiff's claims should be dismissed for two reasons: (i) Plaintiff failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act ("PLRA"), and (ii) Plaintiff has been transferred from Wayne County Jail to the Michigan Reformatory, rendering his claims moot. R&R at 5. The Court finds that this matter can be disposed of on the mootness issue alone, and therefore declines to reach the Magistrate Judge's additional finding, and Plaintiff's associated objections, that Plaintiff failed to exhaust his administrative remedies.

As discussed in the R&R, Plaintiff filed the present Complaint while he was held at Wayne County Jail awaiting trial. Id. at 1. Plaintiff resided at Wayne County Jail for approximately eight months before being convicted on multiple counts of armed robbery in state court and sentenced to prison. Id. at 3. Plaintiff presently resides at the Michigan Reformatory in Ionia, Michigan. Notice of Change of Address (Dkt. 37); Def. Mot. to Dismiss at 11; R&R at 3. In light of Plaintiff's transfer out of Wayne County Jail and into the Michigan Reformatory, the Magistrate Judge concluded that Plaintiff's requests for declaratory and injunctive relief were moot. R&R at 5.

Plaintiff objects to the Magistrate Judge's recommendation, arguing that he was housed in Wayne County Jail at the time of his complaint and for five months thereafter, therefore his claims should not be dismissed. Obj. at 1, 2. Plaintiff further states that he could not have raised his claims had he been transferred to another facility. Id. at 2. Plaintiff also reiterates his claims that prison officials were aware of the conditions at Wayne County Jail, and that it was those

conditions that prompted the move of federal inmates from Wayne County Jail to another facility. Id.

As relevant here, Plaintiff's Complaint requested relief in the form of a declaratory judgment that prison conditions were violative of his rights under the Eighth Amendment, and in the form of an order sending Plaintiff to a different correctional facility. Compl. at 12-13. There is no claim for relief in the form of monetary damages. The Sixth Circuit has held that where an inmate is no longer confined to the institution that inflicted the alleged wrong, any claims for declaratory or injunctive relief are rendered moot. Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir. 1996); see also Parks v. Reans, 510 F. App'x 414, 415 (6th Cir. 2013) ("A prisoner's request for injunctive and declaratory relief is moot upon his transfer to a different facility."). Accordingly, the Magistrate Judge was correct to conclude that Plaintiff's claims were moot in light of his transfer.

### B. Other Motions

Plaintiff also filed a motion to show cause and a motion to appoint counsel. The motion to show cause requests that Defendants Jane and John Doe 1-3 be dismissed from the case. Pl. Mot. to Show Cause at 1-2. This statement accords with Plaintiff's response to the Magistrate Judge's order to show cause as to why the Doe Defendants should not be dismissed. R&R at 5. Moreover, Plaintiff has not objected to the portion of the Magistrate Judge's R&R recommending that the Doe Defendants be dismissed. Consequently, the Court adopts the recommendation contained in the R&R as to the Doe Defendants and dismisses Jane and John Doe as defendants in this case, rendering Plaintiff's motion to show cause moot.

Plaintiff's motion to appoint counsel alleges that Plaintiff is unable to afford counsel and that the issues in this case are complex. Pl. Mot. to Appoint Counsel at 1 (cm/ecf page). The

Court disagrees. The dispositive issue in this case is straightforward, and there is no useful purpose that counsel would serve in this case. Where a case has no arguable merit, a proper exercise of discretion counsels against the appointment of counsel. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir. 1987) (recognizing that appointment of counsel is not appropriate where a pro se litigant's claims have no merit).

### III.   CONCLUSION

For the forgoing reasons, Plaintiff's objections (Dkt. 51) are overruled, the recommendation contained in the Magistrate Judge's R&R (Dkt. 49) is accepted, Defendant Napoleon's motion to dismiss (Dkt. 38) is granted, and the claims against Defendants Jane and John Doe are dismissed without prejudice. In addition, Plaintiff's motion to show cause (Dkt. 48) is denied, as moot. Plaintiff's motion to appoint counsel (Dkt. 50) is denied.


Dated:  March 13, 2015              s/Mark A. Goldsmith
        Detroit, Michigan           MARK A. GOLDSMITH
                                    United States District Judge


### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 13, 2015.

                                    s/Johnetta M. Curry-Williams
                                    Case Manager